HEARD NOVEMBER TERM, 1878.

CASE No. 700.

THE STATE v. WILLIAM HARDEN.

1. The statements of a charge as reported by appellant in his proposed case and not corrected by the Circuit judge on a settlement of the case by him, are assumed to be admitted.

2. On a trial under indictment for obstructing a highway, the charge of the Circuit judge, in which a neighborhood road was called a public highway, held to be erroneous, because of the failure to discriminate between public highways and neighborhood roads. McIVER, A. J., *dissenting,* upon the ground, that the distinction was sufficiently explained in the charge.

3. The mere obstruction of a public road to the impediment of travel constitutes, of itself, a public nuisance.

4. The Circuit judge refused to charge the jury that defendant should be acquitted of obstructing a public road, if he had opened a new road, and one equally as convenient, in place of the old road obstructed—*held,* no error.

5. Our roads are properly divided into highways and private ways; and the highways are subdivided into two kinds, public highways and neighborhood roads.

Before HUDSON, J., at Spartanburg, June Term, 1878.

This was an indictment against the defendant for obstructing a public road. In the indictment it was called "a highway," "a public highway," "a common highway," and the indictment concluded *contra formam statuti.* The proof was, that it was a neighborhood road, connecting two public highways. The obstruction consisted in the erection of a fence by defendant across this road, about the time that he opened a new road, of the same length as the old road, but at some distance from it. And this new road was partly over another's land.

In his "proposed case," the appellant makes the following statement:

The defendant made a written request that his Honor the presiding judge, charge the jury—

1. That before finding a verdict of guilty, the jury must believe from the evidence that the obstruction in the road was a public nuisance.

2. That if the jury from the evidence believe that the defendant has opened a new road in place of the old one, and equally as convenient as the old one, then the jury should return a verdict of not guilty.

Said charges his Honor refused to make.

His Honor then charged the jury that the same rules applied in law to the obstruction or change of a private path as to a public highway—both being public roads. That whenever the public had had the use of a road over lands continuous and adverse for twenty years, said road became thereby a public highway. That the obstruction of such a highway or private path constituted of itself a public nuisance. That if the jury, from the evidence, believed that the defendant had obstructed said road, then they must find the defendant guilty—and that no citizen has the right to close up a public highway or private path running through his land, although he makes another road

equally as convenient, because said citizen would have the right to close the latter road completely before the right of the public thereto had ripened into prescription, and would thereby deprive the public of any road whatever over the land.

To all of which charges and refusals to charge, the defendant duly excepted.

The respondent not agreeing to the case as proposed, it was submitted to Judge Hudson, who made the following report:

The foregoing case on appeal was submitted to the solicitor of the seventh circuit by the defendant's attorney, to which certain amendments were proposed by the solicitor, and not being accepted by the defendant's attorney, I have been called upon to settle the case.

There was little, if any, conflict of testimony on the main points of the case, to wit: That the "Flatwoods Road," connecting the Mills Gap and Rutherford highways, had been uninterruptedly used by the public in going to mill, to church, and in crossing from one highway to the other, for more than twenty years. It was clearly proved by others, and admitted by the defendant, that he had erected a fence across this road and forced the public to abandon the old road for more than a half mile, and in lieu thereof had substituted a new road running through his new ground field, across which he had erected two gates. The obstruction was placed there in April last, and existed at the time of trial.

At the close of my charge to the jury the defendant's counsel submitted certain propositions of law, and requested that I should accordingly instruct the jury. Two of them I declined. The first of these set forth in the case, I qualified by charging the jury that if the evidence satisfied them that the road in question had been uninterruptedly used by the public for more than twenty years, and kept in repair by the neighborhood, it was a public road, for the obstruction of which an indictment would lie; that the obstruction of such a public highway or private path to the impediment of travel constituted of itself the public nuisance.

The second proposition I declined, saying to the jury that the law does not concede to private individuals the right to obstruct public roads and force the public to pass through fields enclosed

with gates; that our public roads would be in a precarious condition if liable to be changed at the caprice of private individuals. Easements valuable to the public might easily be lost or forfeited if such rights were accorded to private persons.

In explaining to the jury the character of the road in question I endeavored to follow the law as laid down in *Sartor's case,* 2 *Strob. L.* 61, and instructed them that if they were satisfied from the evidence that for twenty years or more the public had enjoyed the free and continuous use of this Flatwoods road without molestation, it became a public road or highway, technically called a private path, for the obstruction of which an indictment would lie, and that the nuisance consisted in the obstruction complained of.

With the addition of this statement of facts and instructions, I regard the defendant's case sufficiently settled to bring the errors complained of to the attention of the Supreme Court.

The defendant was convicted and sentenced, and he appealed upon the following grounds:

That his Honor erred—

1. In refusing to charge the jury that before finding a verdict of guilty the jury must believe from the evidence that the obstruction in the road was a public nuisance.

2. In refusing to charge that if the jury from the evidence believe that the defendant has opened a new road in place of the old one, and equally as convenient as the old one, then the jury should return a verdict of not guilty.

3. In charging that the same rules applied in law to the obstruction or change of a private path as to a public highway— both being public roads.

4. In charging that whenever the public had had the continuous and adverse use of a road over lands for twenty years, said road became thereby a public highway.

5. In charging that the obstruction of such a highway or private path constituted of itself a public nuisance.

6. In charging that if the jury from the evidence believed that the defendant had obstructed said road, then they must find the defendant guilty.

7. In charging that no citizen has the right to close up a public highway or private path through his land, although he makes another road equally as convenient.

8. And because said verdict is contrary to the law and the evidence.

*Mr. J. S. R. Thomson,* for appellant.

1. Unless the obstruction in the road was a nuisance to the public, an indictment will not lie. The very essence of this indictment is an alleged injury to the public. Unless, then, the defendant was guilty of a nuisance, and has done something that was an annoyance to the *public,* he is improperly convicted. What is a nuisance? 3 *Bl. Com.* 166; *Bac. Ab., tit. "Nuisances;"* 2 *Bouv. Law Dict.*

2. The citizen has the right to change the course of a private path over his land, provided the change causes no inconvenience to the public. There are different classes of public ways in this state which may not be ignored. 1 *McM.* 47; 3 *McC.* 173; 7 *Rich.* 392; 2 *Strob.* 66; *Act of* 1855, *Gen. Stat.* 266; 11 *Rich.* 259. A neighborhood road approaches very near to a private way. 6 *Rich.* 400. It is customary to substitute one neighborhood road for another, and there can be no objection if the new road is as good as the old. 11 *Rich.* 485; 1 *Russ. on Cr.* 317; *Broom Leg. Max.* 357. The Circuit judge seemed to think that if a new road was substituted, it might afterwards be closed, before use thereof had ripened into prescription, and the public be thus deprived of any road over the land. This could not be, because, (1) the prescription to the old road could not be lost until it was gained in the new; and (2) the dedication of the new road by defendant is irrevocable. 12 *Rich.* 100; 2 *Wait's Act. and Def.* 715. The obstruction of the new road by gates is authorized. *Gen. Stat.* 266; 11 *Rich.* 259.

3. There was error in charging that if the jury from the evidence believed that the defendant had obstructed said road, then they must find the defendant guilty. Because the evidence did not show that the public had a right over this road through defendant's lands.

*Mr. Ball,* solicitor, and *Mr. J. B. Cleveland,* for respondent.

1. The obstruction of a public road is a nuisance at common law and the remedy is by indictment.   2 *Bay* 282; 1 *Hill* 366; 1 *McM.* 47 ; 2 *Strob.* 60; 6 *Rich.* 112; 7 *Rich.* 392; *Wool. on Ways* 52; *Ang. on Highways,* § 275; 1 *Rich.* 58; 1 *McC.* 405 ; 2 *Hill* 387 ; *Co. Lit.* 56 (*a*); *Sir Wm. Jones* 277 ; *Vaugh.* 339 ; 1 *Hawk. P. C., ch. DCCCCLVII VI.,* § 92; 2 *Wat. on Tres.* 23, § 649 ; 3 *Hill* 100; *Broom Leg. Max.* 2 ; 7 *Hill* 575.   An obstruction is of itself a nuisance—a gate or hedge.   *Kitch.* 34; 1 *Hawk. P. C., ch. LVII V.,* § 9, *ch. LVII VI.,* § 48 ; 2 *Roll. Ab.* 137.   Anything that impedes travel, a fence, a gate easy to open and shut.   *Cro. Car.* 184; 2 *Bing.* 263; *Ang. on Highways,* § 223.

2. The character of a road or way, as public or private, does not depend upon the fact that it has been formally laid out or opened and occupied by public officials, or that it has been recognized by the county commissioners as public.   *Const. of S. C., Art. XIV.,* § 19, and *Art. VI.,* § 2 ; 2 *Strob.* 60 ; 1 *McM.* 47 ; 1 *Rich.* 58 ; 2 *Hill* 387 ; *Evans Road Law* 7; 19 *Ill.* 634; 1 *Beas.* 299.

3. The character of a road as public is determined by either one of the following incidents : (1.) By being opened or received and worked as such by the proper officials.   (2.) By dedication and user for twenty years or more.   (3.) By being necessary to the free and perfect use and enjoyment of other public roads or highways.   1 *Russ. on Cr.* 332, 334; 1 *Vent.* 189 ; *Wool. on Ways* 4, 9; *Ang. on Highways, ch. I.,* §§ 2, 5, 27; *Id.,* §§ 132, 133, 143, 147; 1 *Camp.* 260 ; 7 *Rich.* 392 ; 2 *Vt.* 480 ; 19 *Barb.* 195 ; 21 *Ill.* 439 ; *Wat. on Tres.* 19 ; 26 *Penn.* 189 ; 11 *East* 275 ; 1 *Rich.* 58 ; 2 *Strob.* 60 ; 1 *McC.* 405.

4. That assigning a new way will not justify stopping an old one.   *Cro. Car.* 266 ; 1 *Burr.* 465; *Vaugh.* 346; *Ang. on Highways,* §§ 224, 234, 275, *note* 1 ; *Wool. on Ways* 14 ; 3 *Salk.* 183; 2 *Stark.* 511 ; 13 *Metc.* 10 ; 1 *Russ. on Cr.* 339 ; 16 *Pick.* 175 ; 2 *Wat. on Tres.* 36.

5. That in a case of this kind, where the merits have been fully gone into before a jury, a new trial will not be granted, unless there be great and manifest error.   *Wool. on Ways* 293.

March 15th, 1879. The opinion of the court was delivered by

HASKELL, A. J. The indictment is for a nuisance committed by obstructing a "public highway" *contra formam statuti.* The statute relating to that subject is in *Rev. Stat., ch. XLIV.,* § 16, *p.* 267. "If any person shall cause any obstruction to be placed in any part of the said highways or on any bridge or causeway thereof, so as to obstruct or render dangerous or difficult the passage of carriages or other traveling thereon, and shall not immediately remove the same, when required, he shall be deemed guilty of a nuisance, and on conviction thereof, shall be fined in a sum not exceeding $10, nor less than $2, and shall be further liable for the expenses of removing the said nuisance." The preceding section (15) establishes a penalty whenever "any person shall willfully and maliciously destroy, injure or in any manner hurt, damage, impair or obstruct any of the public highways," &c., &c. The indictment cannot be made under Section 15, for it in no sense describes that offence, but it is cited to show that "said highways in Section 16 means public highways," as mentioned in Section 15. No objection was made to the indictment for insufficiency or upon any other ground, and the only question is, whether there was any error in the charge of the judge. To convict under this indictment there must be proof that the road was a public highway, and that the obstruction was committed by the defendant, for the road being properly proved, the obstruction constitutes the nuisance. The only exceptions which need be considered, for the others are without any merit, are those which refer to the ruling of the judge upon the question, what constitutes a public highway. The case comes up on a statement by the appellant, with some additional and explanatory remarks by the judge, who thus settled the case. Whenever, therefore, the statements made by the appellant are not corrected by the judge, we take them to be admitted. One of the exceptions taken is to the charge "that whenever the public had had the continuous and adverse use of a road over lands for twenty years, said road thereby became a public highway." And another is to the charge "that the same rules applied in law to the obstruction or change of a private path as to a public highway, both being public roads." This report of a charge is

not contradicted by the judge; he simply makes some additional statements not bearing directly on these exceptions, and says that the law, as laid down in *Sartor's case*, 2 *Strob*. 61, was his guide. We are forced, therefore, to conclude that for the purposes of this case no distinction was drawn between a "public highway" and a "neighborhood road or private path used by the public;" consequently, that proof either of a "public highway" or a neighborhood road, as in *State* v. *Sartor*, would suffice. We think that this was an error, and will state the reasons for such opinion.

The section of the general statutes under which we infer that this indictment was brought, is taken, with very slight alteration, from the act of 1824, (*Stat., Vol. IX., p.* 545,) entitled "An act concerning the state roads, and for preserving and protecting the same." The preamble thus sets forth the subject and the purpose of the act: "Whereas, it is necessary that the several roads which have been or which hereafter may be constructed in this state, under the authority and at the expense thereof, should be protected by law from injury and dilapidation, and that provision should be made for keeping the same in good and contract repair; be it therefore," &c. The act then proceeds to make provisions concerning "the said roads." Sections 15 and 16, above cited, are copied from Sections 1 and 2 of the said act, substituting the words "public highways" for the said roads, viz., the roads described in the preamble. It may be argued that re-publication in the general statutes can work no material change, and that the meaning of "public highways" in the said sections, is limited to the roads described in the original act. It is deemed, however, more proper to consider the question as it comes up, and decide what class of roads is legally comprehended by the term "public highways," as used in this state.

It is a well-recognized fact that we have three classes of roads. Judge Evans, in his "Digest of the Road Law of the State," prepared by him in 1850, at the request of the Agricultural Society, describes them as follows: "It would seem from these views that roads are of three kinds—1. Highways, which are laid out for the use of the public generally. 2. Private paths, laid out for, used and kept in repair by particular persons. 3.

Private ways or individual roads. The first two are public and the last entirely private. For an obstruction to a public road the remedy is by indictment. For a private way, by civil action." Page 7, section 4, note 9. While such description is useful for general information, it cannot stand for a legal definition, unless the term "highway" be, by usage or judicial decisions or legislation, perverted from its proper and very extensive signification. "Highways is said to be the *genus* of all public ways," (*Russ. on Cr., Vol. I., p.* 332,) and in that sense, all public ways are highways, and all highways are public ways. If this be correct, the first two kinds described by Judge Evans are "highways," though differing in many respects from each other, and it would be arbitrary to distinguish one from the other by calling it a highway, which is the common name of both. Such arbitrary distinction has not been adopted. On the contrary, in *Heyward* v. *Chisholm,* 11 *Rich.* 253, in the opinion delivered by Wardlaw, J., it is said : "Judge Evans, in his 'Digest of the Road Law,' page 7, thinks that our acts of assembly relating to roads seem to make a three-fold division of them into highways, *private paths* and private ways. But this attempt to systematize confused legislation cannot change the meaning of the words that have acquired a settled technical signification. Highway is a *nomen generalissimum,* which embraces every kind of way common to all citizens, whether a footway, a horseway, a cartway or a way by water ; whether under the charge of commissioners or not, and whether originally laid out for the whole public, or laid out for particular persons and used by the public. *Jacob's Law Dict., tit. " Highway ; "* 6 *Mod.* 225. Indictments for obstructions of our neighborhood roads (strangely called private paths) call them highways. *State* v. *Sartor.*

Our roads are therefore properly divided into highways and private ways, and the highways are subdivided into two kinds. The variety of epithets by which these subdivisions have been indiscriminately called has given rise to some confusion. In *State* v. *Mobley,* 1 *McM.* 44, the classification by Judge Brevard in *Ex parte Withers* is adopted : " Public roads are best distinguished into two sorts, namely, highways and private roads or paths. A highway is a principal road leading to market, town,

or some place of general resort, and is commonly traveled by all kinds of people. Private roads are neighborhood ways not commonly used by other than the people of the neighborhood where they are, although they may be used by any one who may have occasion to do so." In the leading case on the subject of obstruction of highways, (*State* v. *Sartor*, 2 *Strob*. 60,) is contained, in substance, the classification which was adopted by Judge Evans, and already quoted. In both these cases the question was whether a neighborhood road was a public road or highway, the obstruction of which would constitute a nuisance at the common law. It was particularly decided in *State* v. *Sartor* that obstruction of a neighborhood road was the obstruction of a highway, and constituted a nuisance. Beyond that point, which was decided, the classification of roads is of no authority. In *State* v. *Pettis*, 7 *Rich*. 390, neighborhood roads are recognized as highways, and the other class of public roads or ways are referred to as "more public highways." The court, per Munro, J., says : " There appears to have existed in this state, for more than a century, two distinct classes of public ways, the first of which consists of such highways or thoroughfares as lead to market towns, or other places of public resort, are laid out by the public labor, and are in all respects subject to the jurisdiction of the commissioners of roads. Those embraced within the second class are distinguished by the name of the neighborhood roads, or, as they are styled in the early acts of our legislature, private paths. This latter name would seem to import that the ways in question are technically private. They are nevertheless public alike in their origin as in their use. * * * And although they are exempt from the jurisdiction of the commissioners of roads, and are kept in repair by voluntary labor of those for whose immediate use and accommodation they are kept open, the public at large have nevertheless a right to their use, and for their obstruction, like the more public highways in the the first-mentioned class, the only remedy is by an indictment for a nuisance. *State* v. *Sartor*, 2 *Strob*. 60." The opinion was delivered in 1854. The legislature shortly thereafter, in 1855, passed an act " To authorize the erection of gates upon all such roads as are not public highways." 12 *Stat.*

408 ; *Rev. Stat.* 266, § 8. "In 1858 the case of *State* v. *Jeffcoat* came up to the Court of Appeals (11 *Rich.* 529) with the question whether a neighborhood road was within the provisions of the act or within the exception to the act, or, in other words, whether a neighborhood road was a public highway. It was held that although such road was a public way, it was, nevertheless, not a public. highway." And such, we think, is the law. The case of *Heyward* v. *Chisolm,* already cited, is not inconsistent. The real ground relied on in that case was that a *public way* was not, of necessity, a *highway,* and that when a highway or public highway (for both terms are used) is pleaded in justification, that the proof of a neighborhood road could not sustain the plea. The argument was that a "private path" was not a highway. The court really decided upon that point. Besides, it was a civil action, and more liberality is allowed, and if "public highway" has been pleaded, the proof of "highway" would have established a public right, which was the real defence. And the court said that if the plaintiff was not really misled, "the name was unimportant." Such liberality cannot, however, extend to the allegations in an indictment. The state must prove what is charged, viz., the obstruction of a "certain public highway," and by the authorities it is established that a neighborhood road is not a public highway. It was essential to a proper trial that the jury should have been instructed as to the real character of the way alleged in the indictment. The law of Sartor's case could not be the law of this case, for that case was at the common law, and was for a "highway," while this is under the statute, and is for a "public highway." It may be contended that *contra formam statuti* is surplusage, and that the indictment is good at common law. Be that so, it makes no difference. The objection is not to the indictment, but to the failure to discriminate between the different kinds of public ways. There is a difference of defence, for what is an obstruction of the one is not always an obstruction of the other. A "public highway" is as distinct from a highway as a public landing is from a public way leading to the landing—at least so far as the present question is concerned. The fact that to obstruct either is a nuisance does not help the variation between the allegation and the proof, nor cure the effect of a charge which did not draw the

legal distinction between the two. *State* v. *Graham,* 11 *Rich.* 310. If the way in question had not in fact been obstructed by the fence, but had been restored to its original bed, or only changed, for a short distance, which sometimes and with some public ways the law would not consider an obstruction, and the defendant had put a gate or gates across it, under the act of 1855, then, if it were a "public highway," the remarks of the judge about the gates would be proper, but if the road turn out to be the other class of highway, commonly called "neighborhood road," the remarks would be inapplicable, and would tend to mislead the jury.

The judgment is reversed and a new trial granted.

WILLARD, C. J., concurred.

McIVER, A. J. I am unable to concur in the conclusion reached by the majority of the court in this case, and will proceed to state, very briefly, my reasons.

The only question which we are at liberty to consider is, whether there was any error in the charge of the Circuit judge; for, there being no exception to the sufficiency of the indictment, we are not called upon to determine anything with respect to that. If we take the charge as stated, in what is designated in the "case" as the "judge's report," which, I think, we are bound to do, no error has been discovered, but, on the contrary, the law as there stated, applicable to the case, is unquestionably correct. The errors pointed out are found only in the charge as represented by the appellant, which, according to my view, should not be regarded as a correct representation of the instructions actually given to the jury. For the "case," as presented by the appellant, embracing his representations of what the Circuit judge did charge, was certainly objected to by the respondent, and the Circuit judge was called upon to "settle the case." This he did in what is styled the "judge's report," and as the only real difference between that and the "case," as presented by the appellant, consists in the representations of what was said to the jury by the judge in his charge, I think we should regard the judge's report as the correct representation, and that appellant's representations are incorrect where they differ from such report. If, however,

the representation made by the appellant as to what was said in the charge to the jury should be regarded at all, it must be construed in connection with the representation of the charge as made in the judge's report. Construing it in this way, I am unable to perceive any error. I think it is conclusively shown, in the opinion of the majority of the court, that there are two classes of roads in this state, for the obstruction of which an indictment will lie. 1. Public highways. 2. Private paths or neighborhood roads; and that both of these classes are comprehended under the "*nomen generalissimum*" of highway. It is very obvious that the road, for the obstruction of which this indictment was brought, belongs to the second of these classes, and the only question, therefore, is, did the Circuit judge state the law correctly as applicable to that class of roads? I do not understand that this is questioned. The errors pointed out are, first, that, *as represented by the appellant*, the judge charged "that whenever the public had had the use of a road over land, continuous and adverse for twenty years, said road became thereby a public highway," the error, as I understand it, consisted in the use of the word "public," as qualifying the word "highway." Now, even assuming this representation of the charge to have been correct, still—while this may have been an error, as an abstract proposition of law, inasmuch as it may not be strictly correct to say that "*public highways*" derive their origin from prescription—I do not see how it can be regarded as an error affecting or likely to affect the questions made in the case on the Circuit. And as I take the rule to be well established that in order to reverse or set aside a judgment of the Circuit Court it is not sufficient to point out any mere abstract errors of law, but they must be such errors in applying the law to the *case as made* below, as affected or would be likely to affect the result, I do not think, even conceding this to be an error committed, that it would be sufficient to require that the judgment below should be set aside. It is very clear to my mind that no question was raised in the trial below as to the distinction between these two classes of public roads, for in the indictment, to which no exception was taken, the road in question is indiscriminately designated as a "public highway," a "common highway," a "highway," and as a "common public highway," and there

is no request to charge or exception indicating any design to draw a distinction between a "public highway" and a "private path" or "neighborhood road," technically so-called. The only points made in the defence were: 1st. That the *mere* obstruction of a public road was not of itself sufficient to constitute a nuisance, but that the jury should have been instructed to inquire whether in fact such obstruction was a nuisance to the public. 2d. That the defendant, by opening a new road alleged to be equally as convenient as the old one, relieved himself from liability under this indictment. As to these propositions, it is conceded, as I understand it, that there was no error in the charge. The second error pointed out is in saying to the jury "that the same rules applied in law to the obstruction or change of a private path as to a public highway, both being public roads." This alleged error is to be found only in the charge, *as represented by the appellant,* and not in the charge as represented by the judge's report. As to this alleged error, while I am not exactly prepared to say that it was an error at all in this particular case as developed below, it is sufficient to say that the same remarks which have been made in reference to the first error alleged will apply. It is true that if the obstruction complained of was the erection of gates across the road, then to determine whether *such an erection* was an obstruction for which an indictment would lie, it would be important to inquire whether the road was a "public highway" or a "private path," for if it was the former such an obstruction would be indictable, while if the latter, it would not, under the provisions of the act of 1855, (12 *Stat.* 408,) as construed by the case of the *State* v. *Jeffcoat,* 11 *Rich.* 529. In this case, however, the obstruction complained of was not the erection of gates but a fence, and certainly the building of a fence across a "private path" is just as much indictable as if built across a public highway. It seems to me, therefore, that to set aside the judgment upon the ground of the errors mentioned would be to give the appellant the benefit of purely technical objections to abstract propositions of law not applicable to the case as made on the Circuit and not raised in the court below. Again, I do not think that the indictment can be regarded as framed under the statute but that the words

" contrary to the form of the statute," should be rejected as surplusage and the indictment be regarded as one at common law, as in Sartor's case. It is a well-established rule of criminal pleading that an indictment for an offence created by statute must follow the words of the statute; and, if it does not, it cannot be sustained except by the rejection of the words *contra formam statuti,* and treating it as an indictment at common law, which may be done in those cases where the offence existed at common law and has not been abrogated by any statute, as in this case now under consideration. The statute under which it is suggested that this indictment is framed is Section 16 of Chapter XLIV., General Statutes, p. 267, taken from Section 2 of the act of 1824. 9 *Stat.* 545. But the indictment cannot be regarded as framed under that section, for it omits one of the material ingredients of the offence there described. Under that section the mere placing an obstruction in a public highway does not constitute the offence, but it consists in not *immediately removing such obstructions when required.* Hence to sustain an indictment under this section it requires not only an allegation that defendant placed an obstruction in the public highway, but also that he failed and refused to *"immediately remove the same when required,"* and this latter allegation is not contained in the indictment in this case. This section was doubtless intended to prevent the *temporary* obstruction of public highways by the stopping of carts, wagons or other vehicles in such highway, and refusing or neglecting to remove such impediments to travel when required. Nor can the indictment be regarded as framed under the preceding section of the same chapter of the General Statutes, which is taken from Section 1 of the act of 1824, *supra,* which was no doubt intended to prevent and punish those who might place *permanent* obstructions in a public highway; for in such case it would be necessary, following the words of that section, not only to allege that the defendant did obstruct such public highway, but that he did so *"willfully and maliciously,"* and these material words are not found in this indictment. I think, therefore, that the Circuit judge was entirely correct in following the law as laid down in *State* v. *Sartor,* 2 *Strob.* 61.

New trial granted.